**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3863 GAF (FFMx) | Date | May 5, 2011 |
|---|---|---|---|
| Title | Title Resources Guaranty Co. v. Modus Vivendi, Inc. et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On May 4, 2011, Plaintiff Title Resources Guaranty Company ("Plaintiff") filed this suit against Modus Vivendi, Inc. ("MVI"); MVI employees Art Mazmanian, Michael Phan, and Erik Savadyans; and Concord Capital (collectively, "Defendants"). Plaintiff alleges that MVI, acting as an escrow agent for Plaintiff, altered payoff instructions from lenders in three different transactions such that funds were wired to Defendant Concord Capital rather than to the lenders as intended. (See generally Compl.) On the basis of these allegations, Plaintiff asserts state-law causes of action for fraud, unfair competition, negligence, and negligent supervision. (Compl. ¶¶ 41–62.) At the same time that it filed its complaint, Plaintiff filed an unnoticed application for a temporary restraining order ("TRO") requesting that the Court freeze the bank accounts of Concord Capital and MVI. Before the Court can rule on this application for a TRO, however, the Court must be satisfied that it has subject matter jurisdiction over this case. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction."). The Court is concerned that Plaintiff has not established that diversity jurisdiction exists or that it has standing to pursue the claims it asserts. Plaintiff is therefore hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

***1. Diversity Jurisdiction***

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Id. Federal courts have jurisdiction on the basis of diversity of citizenship

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3863 GAF (FFMx) | Date | May 5, 2011 |
|---|---|---|---|
| Title | Title Resources Guaranty Co. v. Modus Vivendi, Inc. et al. | | |

where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). A partnership has the citizenship of all its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990).

Here, Plaintiff has adequately alleged that the amount in controversy requirement is met. Plaintiff, however, has not adequately alleged the parties' citizenship. First, Plaintiff alleges that Mazmanian, Phan, and Savadyans all "reside[]" in California. (Compl. ¶¶ 7–9.) To adequately allege these defendants' citizenship, Plaintiff must provide their state of domicile or citizenship. See Kanter, 265 F.3d at 857. Second, Plaintiff alleges only that Concord Capital's principal place of business is "at a location within the venue of this Court." (Compl. ¶ 10.) The Court understands this as an allegation that Concord Capital's principal place of business is in California. This, however, is not enough to establish Concord Capital's citizenship. Plaintiffs do not provide further facts about Concord Capital because it is "an entity of unknown form." (Compl. ¶ 10.) Plaintiff, however, must determine Concord Capital's corporate form so that it can adequately allege its citizenship. If Concord Capital is a corporation, Plaintiff must allege its state of incorporation. If it is an LLC, Plaintiff must allege the states of citizenship of all its owners/members. If it is a partnership, Plaintiff must allege the citizenship of all its partners. Without such allegations, the Court cannot determine whether the parties are completely diverse such that the Court has jurisdiction under 28 U.S.C. § 1332.

***2. Standing***

The Supreme Court has called standing "perhaps the most important of the jurisdictional doctrines." FW/PBS, Inc., 493 U.S. at 231 (internal quotations and alteration omitted). The Court must be satisfied that a plaintiff has standing before it can adjudicate the plaintiff's claims. See id. "Standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." Id. (internal quotations and citations omitted). The party that invokes the Court's jurisdiction—here, Plaintiff—bears the burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Id. (internal quotations omitted). If a plaintiff "fail[s] to make the necessary allegations, [it has] no standing." Id. (alterations omitted).

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 2 of 3

To have standing, a plaintiff must have suffered a concrete and particularized, actual or imminent "injury in fact"; there must be a causal connection between the injury and the complained-of conduct; and it must be likely that a favorable decision will redress the injury. Renee v. Duncan, 623 F.3d 787, 796–97 (9th Cir. 2010) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)) (internal quotations omitted). "A plaintiff must demonstrate standing for each form of relief [it] seeks." Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001).

It is not clear to the Court that Plaintiff has actually suffered the $870,779.15 loss that it claims. (Compl. ¶¶ 46, 58, 62.) According to the complaint, it is Bank of America—the lender—that should have received the funds that Defendants conspired to misdirect to Concord Capital. Although Plaintiff may ultimately be liable for this amount, Plaintiff has not actually alleged that it—as opposed to its affiliate that "issued" the title insurance policies (e.g., Compl. ¶ 37)—will in fact be liable for this amount. Moreover, Plaintiff has not alleged facts showing that this potential future loss is "imminent," as is necessary to support standing. Finally, to the extent that Plaintiff asserts an injury to its reputation, it is unclear how freezing the bank accounts will redress that injury.

For the reasons set forth above, the Court cannot determine on the basis of the pleadings and other documents submitted in this case (a) that diversity jurisdiction exists or (b) that Plaintiff has standing. Plaintiff is therefore hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

Additionally, so that the Court can consider potential conflicts of interest that could require recusal in this case, Plaintiff is hereby further **ORDERED** to advise the Court whether Bank of America still retains liens on the properties at issue in this case, or whether Bank of America has reconveyed its deeds of trust. Plaintiff is further **ORDERED** to explain why it listed Bank of America as a party that "may have a direct, pecuniary interest in the outcome of this case" on the Certification and Notice of Interested Parties. In particular, Plaintiff should identify with specificity the potential direct, pecuniary interest that Bank of America may have in the outcome of this case.

Plaintiff shall submit a response to this Order **by no later than May 9, 2011**. Failure to file a timely response to this Order shall be deemed consent to dismissal of this case.

**IT IS SO ORDERED.**